IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 30 PM 3: 11

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W. __ __ MEMPHIS

CLAUDIA BENSON,              )
                            )
       Plaintiff,           )
                            )
v.                          )        No. 03-2088 Ma/V
                            )
PENSKE TRUCK LEASING CORP., )
                            )
       Defendant.           )
                            )

---

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON
DEFENDANT PENSKE'S AFFIRMATIVE DEFENSE OF SPOLIATION**

---

Plaintiff Claudia Benson ("Benson") brought suit for the death
of her husband, James Benson, in an accident involving a tractor-
trailer leased from Defendant Pense Truck Leasing Co., LLP
("Penske").[1] Benson raises several claims against Penske, including
negligence, strict liability, failure to warn, breach of implied
warranty of merchantability, and wrongful death. (Am. Compl. at ¶¶
4-8.) Before the court is Benson's "Motion for Partial Summary
Judgment on Defendant Penske's Affirmative Defense of Spoliation,"
filed February 4, 2005. Penske filed a response in which it opposed
Benson's motion on the merits on February 18, 2005.

Federal Rule of Civil Procedure 8(c) requires that "[i]n

---

[1] Although Plaintiff named "Penske Truck Leasing Corp." as the Defendant,
Penske asserts that the proper party is "Penske Truck Leasing Co., LLP."
Plaintiff had previously named as a defendant Freightliner, LLC, but that party
was dismissed from the case on November 7, 2003, based on the parties'
stipulation.

pleading to a preceding pleading, a party shall set forth affirmatively . . . any [] matter constituting an avoidance or affirmative defense." Neither Benson's "Motion for Partial Summary Judgment on Defendant Penske's Affirmative Defense of Spoliation," nor Benson's memorandum of law supporting her motion for partial summary judgment, nor Penske's memorandum in opposition to Benson's partial motion for summary judgment identifies any pleading in which Penske asserts spoliation of evidence as an affirmative defense. The court has found no pleading filed by Penske in which Penske asserts spoliation of evidence as an affirmative defense.[2] Because Penske has not asserted spoliation of evidence as an affirmative defense, Benson's motion for partial summary judgment is DENIED.

So ordered this **30th** day of September 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Penske's Answer to Benson's Amended Complaint raises eight affirmative defenses, none involving spoliation of evidence. On February 4, 2005, Penske filed a motion for leave to amend its answer and add an affirmative defense based on Benson's capacity to bring suit. That motion was denied on March 14, 2005.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 200 in case 2:03-CV-02088 was distributed by fax, mail, or direct printing on September 30, 2005 to the parties listed.

---

John W. Butler
BUTLER VINES & BABB
First American Center
Ste. 810
Knoxville, TN 37901--264

Sharon L. Petty
WOLFF ARDIS
5810 Shelby Oaks Dr.
Memphis, TN 38134

R. Layne Holley
HOLLEY WALDROP NEARN & LAZAROV
9032 Stone Walk Place
Germantown, TN 38138

L. Bradley Dillard
MITCHELL MCNUTT & SAM, PA
P.O. Box 7120
Tupelo, MS 38802--712

Patrick M. Ardis
WOLFF ARDIS
5810 Shelby Oaks Dr.
Memphis, TN 38134

Jill M. Madajczyk
WOLFF ARDIS
5810 Shelby Oaks Dr.
Memphis, TN 38134

Honorable Samuel Mays
US DISTRICT COURT